IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDDIE BASHAM, as Administrator of the
Estate of James Basham, and FREDA
MCCLENDON, Individually and as Class
Representatives on Behalf of All Similarly
Situated Persons,                                                                                       PLAINTIFFS

v.                                                      CASE NO. 12-CV-4005

AMERICAN NATIONAL COUNTY
MUTUAL INSURANCE CO., et al.,                                                         DEFENDANTS

## ORDER

Pending is Plaintiffs' Motion to Stay Responses to Multiple Defendants' Motions to Dismiss, filed January 19, 2012. (ECF No. 17). On January 26, 2012, the following Separate Defendants responded: 21st Century Casualty Co., 21st Century Ins. Co. of the Southwest, 21st Century Ins. Co., 21st Century Insurance Group ("21st Century" collectively) and ANPAC Louisiana Insurance Company, American National County Mutual Ins Co, American National General Insurance Co., American National Property & Casualty Co., Pacific Property & Casualty Company ("ANPAC" collectively). (ECF Nos. 83 and 85). The remaining defendants have raised no objection. Plaintiff filed a consolidated reply on February 3, 2012. (ECF No. 96). The Court finds the matter ripe for consideration.

On December 7, 2011, Plaintiffs filed a class action complaint in the circuit court of Miller County, Arkansas, alleging a conspiracy among Defendants to underpay uninsured and under-insured motorist claims through the use of a software program called "Colossus," developed by the Computer Sciences Corporation. (ECF No. 5). Defendants filed a notice of removal on January 17,

2012, arguing that this Court possesses jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453. Defendants began filing motions to dismiss immediately following removal. The Travelers and Infinity Defendants filed motions to dismiss on January 18 (ECF Nos. 6, 10); the 21st Century and Erie Defendants filed theirs on January 23 (ECF Nos. 23, 25, 29); and the Farm Bureau Mutual Group, ANPAC and Pacific Defendants filed theirs on January 24. (ECF No. 39, 49, 56). All other defendants have either filed an answer or have properly filed motions to extend the time to file an answer. On January 19, Plaintiff's filed their motion to stay responses to these motions to dismiss. (ECF No. 17). Only the 21st Century and ANPAC Defendants have responded in opposition. (ECF Nos. 83 and 85).

In their motion, Plaintiffs ask the Court to stay the deadline for responses to Defendants' pending motions to dismiss until thirty (30) days from the date the Court rules on Plaintiffs' remand motion. In response, 21st Century and ANPAC urge the Court to address the personal jurisdiction arguments contained in their motions to dismiss before deciding any future question concerning subject matter jurisdiction posed by a remand motion. They assert that under *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), this Court possesses discretion to address threshold personal jurisdiction questions before ruling on subject matter jurisdiction. Specifically, they contend that the issue of personal jurisdiction is straightforward and should be afforded immediate attention. Plaintiffs argue that personal jurisdiction is a complex question in this case and the interests of judicial efficiency weigh in favor of deciding subject matter jurisdiction first.

While the Court understands that it may elect to address a threshold personal jurisdiction argument before deciding whether subject matter jurisdiction exists, *see, e.g., Ruhrgas*, 526 U.S. at 585, it declines to do so in this case. 21st Century and ANPAC frame the personal jurisdiction issue

as a simple one, but Plaintiffs contend that their argument will likely hinge on novel theories of conspiracy jurisdiction, requiring further briefing and potential document discovery. Furthermore, unlike in *Ruhrgas*, addressing the personal jurisdiction arguments of 21st Century and ANPAC will not dispose of the case in its entirety. Remand and subject matter jurisdiction would still have to be addressed, and the Court would have to revisit the issue of personal jurisdiction concerning those separate defendants who have raised such arguments in their pending motions to dismiss but have not objected to Plaintiffs' instant motion to stay. Because the Court does not expect the issue of subject matter jurisdiction to be especially burdensome, the Court finds that deciding Plaintiffs' remand motion first is the most efficient way to proceed. *See Ruhrgas*, 526 U.S. at 588-7 (noting that subject matter jurisdiction is appropriately addressed first when the issue "involve[s] no arduous inquiry").

Plaintiffs' Motion to Stay Responses to Multiple Defendants' Motions to Dismiss (ECF No. 17) is therefore **GRANTED**. Plaintiffs' deadline to respond to any motion to dismiss filed by Defendants before the Court addresses remand is stayed until the Court issues its remand ruling. In the event the Court denies remand and retains jurisdiction, Plaintiffs shall have **thirty (30) days** from such order's entry-date to file their responses to any motions to dismiss that were pending before the Court's remand ruling.

IT IS SO ORDERED, this 26th day of March, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge