UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDDIE BASHAM, as administrator
of the estate of James Basham, and
FREDA MCCLENDON, individually
and as class representatives on behalf
of all similarly situated persons                                                                PLAINTIFFS

V.                                        CASE NO. 4:12-CV-4005

AMERICAN NATIONAL COUNTY
MUTUAL INS. CO., *et al.*                                                                      DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery. (ECF No. 276). Certain Defendants have filed responses. (ECF Nos. 284, 292-294). The Court finds this matter ripe for consideration.

Various Defendants in this case have filed Motions to Dismiss arguing that the Court lacks personal jurisdiction over them because they do not sell insurance in Arkansas, they are not licensed to do business in Arkansas, they do not have employees or operations in Arkansas, and none of the members of the putative class (i.e. Arkansas residents) are their insureds. (ECF Nos. 251, 255, 264, & 266). Plaintiffs' primary response to Defendants' personal jurisdiction arguments is that Defendants' lack of direct contact with Arkansas is irrelevant because personal jurisdiction has been established by Defendants' participation in a civil conspiracy. However, setting aside this conspiracy theory of personal jurisdiction, Plaintiffs argue in the present motion that there may be some evidence of continuous, systematic contacts with Arkansas by certain Defendants who have maintained that they do not do business in Arkansas. The Defendants who are the focus of Plaintiffs' motion are 21st Century Casualty Company, 21st Century Insurance Company, 21st Century Insurance Company of the Southwest (collectively "21st Century"),

1

American National Property and Casualty Company of Louisiana, Pacific Property and Casualty Company, and American National County Mutual Insurance Company (collectively, "ANPAC").[1]

As to the 21st Century Defendants, Plaintiffs state that they are licensed to do business in Arkansas and have registered agents for service of process. As to the ANPAC Defendants, Plaintiffs claim that jurisdictional discovery conducted in a related case, *Hensley et al v. CSC et al*,[2] revealed "59 accidents that occurred in Arkansas that involved ANCMIC insureds; one serious accident involving a fatality that occurred in Arkansas that involved a PPCC insured that went to litigation and a substantial payout of $85,000.00 to an unknown plaintiff; and 61 accidents occurred in Arkansas that involved ANPAC LA insureds." Plaintiffs conclude that, based on the above contacts, they should be allowed to conduct further jurisdictional discovery as to these Defendants. Plaintiffs do not indicate what type of discovery they would serve upon Defendants or what they would expect further discovery to reveal about these Defendants.

Whether to grant jurisdictional discovery is a decision committed to the sound discretion of the district court, and the denial of a jurisdictional discovery request is reviewed for abuse of discretion. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). A court may deny a request for jurisdictional discovery "'when a plaintiff offers only speculation or conclusory

---

[1] While Plaintiffs' motion requests to conduct jurisdictional discovery as to all Defendants who have raised personal jurisdiction challenges, their brief (ECF No. 276, Exh. 1, p. 4-6) only addresses the ANPAC Defendants and the 21st Century Defendants. Plaintiffs have offered absolutely no documentary evidence or argument as to the other Defendants. Accordingly, their request as to these other Defendants is based solely on speculation and conclusory assertions and must be denied. *See Viasystems, Inc. v. EBM–Papst St. Georgen GMBH & Co*., 646 F.3d 589, 598 (8th Cir. 2011)

[2] Several of Plaintiffs' counsel in this case filed "Colossus" suits as early as 2005 in Miller County Circuit Court. James Basham was a party to that 2005 case, *Hensley et al v. CSC et al*, No. cv-2005-59-3. Basham was severed from Hensley and became a named plaintiff in *Basham et al., v. CSC et al*., No. 2005-59-3A, also in Miller County Circuit Court. James Basham died in January 2010, and his son, Eddie, was substituted for him later that year. Eddie Basham voluntarily dismissed the state case on November 14, 2011. He re-filed it on December 7, 2011, and that is the case before this Court.

assertions about contacts with a forum state.'" *Viasystems, Inc. v. EBM–Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n. 1 (8th Cir. 2004)).  A court may grant a request for jurisdictional discovery if a plaintiff offers adequate documentary evidence in support of its argument that general personal jurisdiction exists.  *Steinbuch v. Cutler*, 518 F.3d 580, 588–89 (8th Cir. 2008).

Upon consideration, the Court finds that the request for jurisdictional discovery should be denied. As to the ANPAC Defendants, the record indicates that counsel for Plaintiffs has already obtained substantial jurisdictional discovery in the related *Hensley* litigation.  (ECF No. 63, Exh. 1; ECF No. 64, Exh. 1; ECF No. 294, Exhs. 2-5).  Plaintiffs do not indicate what else they hope to discover that is not already in their possession.  Moreover, in light of ANPAC's affidavits stating that they do not do business in Arkansas and maintain no physical or financial presence in Arkansas, the Court is unpersuaded by Plaintiffs' evidence in support of jurisdictional discovery. Plaintiffs have merely offered evidence that ANPAC, an insurer with its principal place of business outside of Arkansas, has paid claims arising from accidents that its insureds happened to have as they traveled through Arkansas.  Plaintiffs offer no argument as to how these types of contacts could give rise to general or specific jurisdiction over ANPAC.

Turning to the 21st Century Defendants, Plaintiffs' request for jurisdictional discovery is solely based on the fact that these Defendants are licensed to do business in Arkansas and have registered agents for service of process. 21st Century Defendants admit that they have licenses to do business in Arkansas,[3] but they have submitted affidavits stating that they have never engaged in the business of insurance in Arkansas, they maintain no physical or financial presence in Arkansas, they employ no persons in Arkansas, and they have never written or earned any direct

---

[3] When the Court takes up the 21st Century Defendants' Motion to Dismiss on personal jurisdiction grounds (ECF No. 264), it will address whether a license to do business in Arkansas and the appointment of an agent for service of process confers general jurisdiction over a defendant.

premiums in Arkansas. Plaintiffs have not offered any evidence to dispute the information in these affidavits. Accordingly, there is nothing before the Court that would allow it to infer that 21st Century might have additional, undisclosed contacts with Arkansas that need to be discovered.

For the reasons stated above, the Court finds that Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery. (ECF No. 276) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 10th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge