UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


EDDIE BASHAM, as Administrator
of the Estate of James Basham, and
FREDA MCCLENDON, Individually
and as Class Representatives on Behalf
of All Similarly Situated Persons                                                        PLAINTIFFS


V.                                    CASE NO. 4:12-CV-04005


AMERICAN NATIONAL COUNTY
MUTUAL INS. CO., *et al.*                                                                DEFENDANTS


**ORDER**

On March 10, 2015, the Court entered multiple Orders dismissing all but two Defendants in this case. (ECF Nos. 297-306). The dismissals were without prejudice. The only two Defendants with claims remaining against them are American National Property and Casualty Company and Metropolitan Group Property and Casualty Company. These remaining Defendants, along with the previously dismissed Defendants, have now filed stipulations of dismissal that address Plaintiffs' surviving claims and/or stipulate that the previous dismissals should be with prejudice. (ECF Nos. 318-324). The Court will address each stipulation in turn.

By prior order of the Court (ECF No. 305), all claims asserted against the Met P&C Defendants[1], other than the claims of Plaintiff Freda McClendon against Metropolitan Group Property and Casualty Insurance Company, were dismissed without prejudice. Pursuant to the stipulation of the parties (ECF No. 320), that prior order of dismissal is hereby amended as

---

[1] The Met P&C Defendants are: Metlife Auto & Home, Metlife Auto & Home Group, Metropolitan Casualty Insurance Company, Metropolitan Direct P & C Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property & Casualty Insurance Company, Metropolitan Lloyds Insurance Company of Texas, and Metropolitan Property & Casualty Insurance Company.

follows:  all claims asserted against the Met P&C Defendants in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees. This dismissal includes Plaintiff Freda McClendon's remaining claims against Metropolitan Group Property and Casualty Insurance Company.

By prior orders of the Court (ECF Nos. 299 & 303), all claims asserted against the ANPAC Defendants[2], other than the claims of Plaintiff Eddie Basham against American National Property and Casualty Company, were dismissed without prejudice.  Pursuant to the stipulation of the parties (ECF No. 319), those prior orders of dismissal are hereby amended as follows:  all claims asserted against the ANPAC Defendants in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees. This dismissal includes Plaintiff Eddie Basham's remaining claims against American National Property and Casualty Company.

By prior order of the Court (ECF No. 306), all claims asserted against the Travelers Defendants[3] were dismissed without prejudice.  Pursuant to the stipulation of the parties (ECF No. 318), that prior order of dismissal is hereby amended as follows:  all claims asserted against

---

[2] The ANPAC Defendants are American National Property & Casualty Company, American National General Insurance Company, American National County Mutual Insurance Company, ANPAC Louisiana Insurance Company, and Pacific Property & Casualty Company.

[3] The Travelers Defendants are: St. Paul Fire and Casualty Insurance Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Medical Liability Insurance Company, St. Paul Mercury Insurance Company, St. Paul Protective Insurance Company, St. Paul Surplus Lines Insurance Company, TravCo Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc. (the successor in interest to Travelers Auto Insurance Co. of New Jersey, and also misnamed in the complaint as Travelers of New Jersey Group), Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, Travelers Casualty Company of Connecticut, Travelers Casualty Insurance Company of America, Travelers Commercial Casualty Company, Travelers Commercial Insurance Company, The Travelers Companies, Inc. (formerly known as The St. Paul Travelers Companies, Inc., and also misnamed in the complaint as St. Paul Travelers Group, and St. Paul Travelers Insurance Companies), Travelers Excess and Surplus Lines Company, The Travelers Home and Marine Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, The Travelers Lloyds Insurance Company, Travelers Lloyds of Texas Insurance Company, Travelers Personal Insurance Company, Travelers Personal Security Insurance Company, Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company, and Travelers Property Casualty Corporation.

the Travelers Defendants in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees.

By prior order of the Court (ECF No. 301), all claims asserted against Farm Bureau Property & Casualty Insurance Company were dismissed without prejudice.  Pursuant to the stipulation of the parties (ECF No. 321), that prior order of dismissal is hereby amended as follows:  all claims asserted against Farm Bureau Property & Casualty Insurance Company in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees.

By prior orders of the Court (ECF Nos. 298 & 302), all claims asserted against the 21st Century Defendants[4] were dismissed without prejudice.  Pursuant to the stipulation of the parties (ECF No. 322), those prior orders of dismissal are hereby amended as follows:  all claims asserted against the 21st Century Defendants in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees.

By prior order of the Court (ECF No. 300), all claims asserted against the Erie Defendants[5] were dismissed without prejudice.  Pursuant to the stipulation of the parties (ECF No. 323), that prior order of dismissal is hereby amended as follows:  all claims asserted against the Erie Defendants in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees.

---

[4] The 21st Century Defendants are 21st Century Casualty Company, 21st Century Insurance Company, 21st Century Insurance Company of the Southwest, 21st Century Insurance Group, 21st North America Insurance Company, and 21st Century Centennial Company.

[5] The Erie Defendants are Erie Insurance Company; Erie Insurance Company of New York, Erie Insurance Exchange; Erie Insurance Group; Erie Insurance Property & Casualty Company; and Erie Indemnity Company.

By prior order of the Court (ECF No. 304), all claims asserted against the Infinity Defendants[6] were dismissed without prejudice.  Pursuant to the stipulation of the parties (ECF No. 324), that prior order of dismissal is hereby amended as follows:  all claims asserted against the Infinity Defendants in this action are hereby **DISMISSED WITH PREJUDICE**, with each side to bear its own costs and attorneys' fees.

IT IS SO ORDERED, this 17th day of June, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[6] The Infinity Defendants are: Infinity Assurance Insurance Co., Infinity Auto Insurance Co., Infinity Casualty Insurance Co., Infinity General Insurance Co., Infinity Indemnity Insurance Co., Infinity Insurance Co., Infinity National Insurance Co., Infinity Preferred Insurance Co., Infinity Premier Insurance Co., Infinity Property & Casualty Corp., Infinity Property & Casualty Group, Infinity Reserve Insurance Co., Infinity Safeguard Insurance Co., Infinity Security Insurance Co., Infinity Select Insurance Co., Infinity Specialty Insurance Co., Infinity Standard Insurance Co.